UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRANT DUBRIDGE and MIRSADA
GRAHIC,

       Plaintiffs,

v.

OCWEN LOAN SERVICING,

       Defendant.
                                      /

File No.  1:13-CV-690

HON. ROBERT HOLMES BELL

# **O P I N I O N**

      Plaintiffs Grant Dubridge and Mirsada Grahic filed this action for breach of contract, violation of the Regulation of Collection Practices Act ("RCPA"), Mich. Comp. Laws § 445.251, *et seq.*, and violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, *et seq.*, against Defendant Ocwen Loan Servicing in the Kent County Circuit Court.  Defendant removed the action to this Court on the basis of diversity and federal question jurisdiction and filed a motion to dismiss.  (ECF Nos. 1, 8.)  Plaintiffs filed an amended complaint.  (ECF No. 15.)  This matter is before the Court on Defendant's motion to dismiss Plaintiffs' amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief can be granted.  (ECF No. 21.)  For the reasons that follow, Defendant's motion will be denied.

## I.

Plaintiffs' first amended complaint contains the following allegations. Plaintiffs purchased their home located at 5343 Madison Ave, Kentwood, Michigan (the "Property") on or about June 10, 2005. (Am. Compl. ¶ 6, ECF No. 15.) Plaintiffs financed the purchase by signing a Note and granting a mortgage interest in the Property to Meritage Mortgage Corporation. (*Id.* at ¶ 7.) Defendant is the servicer of Plaintiffs' mortgage. (*Id.* at ¶ 8.) Plaintiffs fell behind in their mortgage payments. (*Id.* at ¶ 9.) In 2010 Plaintiffs attempted to accept Defendant's offer of a mortgage modification. (*Id.* at ¶ 10.) Defendant did not recognize Plaintiffs' acceptance and foreclosed on Plaintiffs' home. (*Id.* at ¶ 11.) Plaintiffs filed suit against Defendant to rescind the sheriff's sale and to enforce the loan modification. (*Id.* at ¶ 12.) In July 1012, the parties settled the prior suit by entering into a Loan Modification Agreement. (*Id.* at ¶ 13.) The Loan Modification Agreement requires monthly payments of $544.34 ($320.07 for principal and interest and $224.27 for escrow), an interest rate of 3.71 percent, a 480 month term, and a balloon payment of $48,373.93. (*Id.* at ¶ 14.) The Loan Modification Agreement states that the Mortgage and Note remain in effect except as modified by the Agreement. (*Id.* at ¶ 16.) Since entering into the Loan Modification Agreement, Plaintiffs have been making timely payments in the full amount required under the Loan Modification Agreement. (*Id.* at ¶ 22.) Despite these timely payments, Plaintiffs received notices from Defendant indicating that they have a negative escrow balance and that they owe late fees, eviction fees, and property inspection fees. (*Id.* at ¶¶ 35, 39, 42, 43, 45, 46.)

On March 19, 2013, Plaintiffs sent Defendant a letter disputing the charges reflected in Defendant's statements because the loan modification resolved all past-due balances. (*Id.* at ¶ 47, Ex. E.) Plaintiffs also requested a payment history showing how payments were applied since July 1, 2012. (*Id.*) Defendant responded by letter dated April 15, 2013, that it had reviewed the loan and that Plaintiffs had a negative escrow balance. Defendant did not explain how that deficiency arose, did not respond to Plaintiffs' assertion that the Loan Modification Agreement resolved all past-due balances, and did not provide the requested history of how payments had been applied. (*Id.* at ¶ 48, Ex. F.) Defendant continues to send Plaintiffs notice of a negative escrow balance and the assessment of late charges, eviction fees, and inspection fees. (*Id.* at ¶¶ 51 -78, Exs. G-J.)

## II.

Under the federal notice pleading standards, a complaint must contain "a short and plain statement of the claim showing how the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In reviewing a Rule 12(b)(6) motion to dismiss, the Court must "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff,'" but "'need not accept as true legal conclusions or unwarranted factual

3

inferences.'" *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts that "state a claim to relief that is plausible on its face," and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. 678. "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 677), *cert. denied*, 132 S. Ct. 1583 ( 2012).

### III.

**A. Breach of contract**

Defendant contends that Plaintiffs have failed to state a claim for breach of contract because Plaintiffs' allegations are conclusory, fail to identify the actual terms of the Loan Modification Agreement which were allegedly breached, and fail to provide any factual allegations regarding the improper application of payments or the illegal fees assessed.

The cases Defendant relies on in support of its claim that Plaintiffs' breach of contract claim is insufficient under Rule 12(b)(6) are distinguishable. In *Battah v. ResMAE Mortgage Corp.*, 746 F. Supp. 2d 869 (E.D. Mich. 2010), the court held that the plaintiff's "formulaic recitation of the elements of a claim without any supporting factual allegations" was

4

insufficient to survive a motion to dismiss. *Id.* at 876. In that case, the plaintiff's complaint simply contained "conclusory allegations that the interest rates were excessive" and that the bank "assessed illegal fees, penalties, and other charges," and failed to present any " specific numbers to explain what constitutes an excessive interest rate or which charges by Defendant were illegal." *Id.* Similarly, in *Jirjis v. Wachovia*, No. 10-11728, 2011 WL 87247, (E.D. Mich. Jan. 11, 2011), the court held that the plaintiff failed to state a breach of contract claim where he failed to provide any factual detail regarding what rates and fees were contemplated in the contract, what rates and fees were actually charged, or what constituted an excessive or illegal rate or fee. *Id.* at *5.

In contrast to the conclusory complaints that were dismissed in *Battah* and *Jirjis*, Plaintiffs have alleged the precise escrow amounts and fees that they claim are not supported by the contract. Although Defendant complains that Plaintiffs have not identified how their payments were not properly applied and what late fees were assessed, (Def.'s Mot. to Dismiss 4), those are matters that are uniquely within Defendant's knowledge. In addition, Plaintiffs have presented documentary evidence that although they requested a payment history showing how payments were applied, Defendant failed to respond to Plaintiffs' request. (Am. Compl., Exs. E, F.) Contrary to Defendant's assertions, Plaintiffs' complaint is not conclusory. Plaintiffs have included sufficient factual allegations to put Defendant on notice of their claims and to state a claim to relief that is plausible on its face.

Defendant contends that even if Plaintiffs have identified the charges that are in issue, Plaintiffs have failed to identify the actual terms of the contract that have been breached.

5

According to Defendant, the Loan Modification Agreement does not address the loan escrow balance.  Moreover, the Loan Modification Agreement specifically provides that "Any expenses incurred in connection with the servicing of your loan, but not yet charged to your account as of the date of this agreement , may be charged to your account after the date of this Agreement."  (Am. Compl. Ex. A.)

Contrary to Defendant's assertions, Plaintiffs have alleged the basis for their belief that the charges are improper:  they have alleged that before signing the Loan Modification Agreement they were assured that any past-due escrow items would be included in the modified loan, that since entering into the Agreement they have made all payments in a timely manner, and that they were current in their modified loan payments when these charges were assessed.  (*Id.* at ¶¶ 21, 22, Ex. E.)  Plaintiffs' belief that they were current on their loan finds support in the Loan Modification Agreement's provision that "[u]pon modification, your Note will be come contractually current."  (*Id.* at Ex. A.)

Whether the negative escrow balance and the extra fees reflect expenses incurred in connection with the servicing of Plaintiffs' loan, or whether they are amounts that should have been made current with the modification of the loan, is a question of fact that cannot be determined on a motion to dismiss.  Although Defendant may have defenses to Plaintiffs' complaint, the Court cannot find that Plaintiffs have failed to state a claim on which relief can be granted.

**B.  Michigan Regulation of Collection Practices Act ("RCPA")**

The RCPA "prohibits abusive collection efforts . . . with respect to obligations arising

out of a 'purchase made primarily for personal, family, or household purposes.'" *Helmus v. Chase Home Fin., LLC*, 890 F. Supp. 2d 806, 816 (W.D. Mich. 2012) (Quist, J.) (quoting *Levant v. Am. Honda Fin. Corp.*, 356 F.Supp.2d 776, 782 (E.D.Mich.2005)).  Plaintiffs allege that Ocwen violated the RCPA by sending statements that contained inaccurate, misleading, untrue or deceptive statements, including statements that Plaintiffs were behind in their mortgage payments and owed payments and fees that they did not owe.

Defendant moves for dismissal of Plaintiff's RCPA claim because: (1) Plaintiffs have failed to identify which provision of the RCPA Defendant allegedly violated; (2) Plaintiffs have failed to establish that Defendant is a "regulated person" that is subject to the RCPA, *see* Mich. Comp. Laws § 445.251(g); and (3) Plaintiffs' complaint contains only bare-bone conclusory statements and formulaic recitations of statutory provisions which lack sufficient factual allegations to support a claim.

Contrary to Defendant's assertions, Plaintiffs have identified which provision of the RCPA Defendant violated; Plaintiffs alleged that Defendant violated § 2(e) of the RCPA, Mich. Comp. Laws § 445.252(e), by sending six statements that contained inaccurate, misleading, untrue, or deceptive statements.  (Am. Compl. ¶ 110.)

Plaintiffs have alleged that Defendant is a "regulated person" because "Defendant's collection activities are confined to and directly related to the operation of a business other than a collection agency."  (*Id.* at ¶ 100.)  Defendant contends that this allegation is insufficient because it merely parrots the statute.  Defendant is correct that in order to state a claim for relief, a plaintiff must provide "more than labels and conclusions," and that "a

7

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The RCPA defines a "regulated person" as "a person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency," and then provides a non-exhaustive list of eleven examples. Mich. Comp. Laws § 445.251(g). "[C]ourts have recognized that a person or entity engaged in debt collection activities is either a 'collection agency' under the Occupational Code or a 'regulated person' under the [RCPA], but not both." *Newman v. Trott & Trott, P.C.*, 889 F. Supp. 2d 948, 966 (E.D. Mich. 2012). On a motion to dismiss this Court must accept Plaintiffs' allegations as true unless they are legal conclusions or unwarranted factual inferences. Although Plaintiffs have essentially parroted the statute in ¶ 100 of their complaint, the Court construes ¶ 100 as including factual allegations that Defendant engages in collection activities and that Defendant is not a collection agency. Defendant may challenge these factual allegations on a motion for summary judgment, but the Court is satisfied that for purposes of this motion to dismiss these allegations are sufficient to allege that Defendant is a regulated person.

Defendant contends that although Plaintiffs have identified charges which they contend are inaccurate, misleading, untrue, or deceptive, Plaintiffs have nevertheless failed to state a claim under the RCPA because they have merely alleged that the statements indicate that they were behind in their mortgage payments and owed payments and fees that they did not owe "without indicating why the payments and fees are not owed and/or are not accurate." (Def.'s Mot. to Dismiss 9, ECF No. 21.)

Contrary to Defendant's assertions, and as noted in the breach of contract discussion above, Plaintiffs have indicated why they payments and fees are not owed. They have alleged that they were current on their payments when they entered into the Loan Modification Agreement and that they have made all payments in a timely manner since signing the Loan Modification Agreement. The Court will accordingly deny Defendant's motion to dismiss Plaintiffs' RCPA claim.

### C. Real Estate Settlement Procedures Act ("RESPA")

Defendant moves for dismissal of Plaintiffs' RESPA claim because: (1) Plaintiffs did not send their qualified written request ("QWR") to the correct address; (2) Defendant responded to Plaintiffs' QWR within 30 days as required by RESPA; and (3) Plaintiffs have not alleged pecuniary damages as required by RESPA.

The purposes underlying RESPA are "to insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country." *Marais v. Chase Home Fin. LLC*, 736 F.3d 711, 719 (6th Cir. 2013) (*Vega v. First Fed. Sav. & Loan Ass'n of Detroit*, 622 F.2d 918, 923 (6th Cir. 1980)). "As a remedial statute, RESPA is construed broadly to effectuate its purposes." *Id.* (citing *In re Carter*, 553 F.3d 979, 985–86, n. 5 (6th Cir. 2009)).

Plaintiffs have alleged that they sent a letter inquiring about mortgage charges to Defendant at PO Box 24736, West Palm Beach, FL 33416-4736. (Am. Compl. ¶ 126.)

Defendant asserts that this address is not listed on any of the documentation Plaintiffs have attached to their complaint and that it was not the proper address for QWRs. Whether or not Plaintiff sent the inquiry to the proper address, and whether Defendant's failure to respond within five days was excused, are questions of fact. Plaintiffs have alleged that they sent the letter to the proper address for QWRs, (*Id.* at ¶¶ 123-24), and this assertion is not refuted by the written documentation attached to Plaintiff's complaint. Accordingly, Defendant's assertion that Plaintiffs sent their letter to the wrong address does not provide a basis for dismissing Plaintiffs' RESPA claim.

Defendant also moves to dismiss Plaintiff's RESPA claim because Defendant responded to Plaintiffs' correspondence within 30 days. Plaintiffs do not deny that they received a response, but they contend that the response was insufficient to satisfy Defendant's obligations under RESPA. (*Id.* at ¶¶ 136-39.) The Court cannot determine the sufficiency of Defendant's response on the present record. The Court finds, however, that Plaintiffs' allegations regarding the response are sufficient to state a claim and to survive Defendant's motion to dismiss.

Finally, Defendant moves to dismiss Plaintiffs' RESPA claim because Plaintiffs have not alleged actual pecuniary damages. Although RESPA itself does not set a pleading standard, courts have held that in order to maintain a RESPA claim a plaintiff must allege that the violation resulted in actual pecuniary damages. *Helmus v. Chase Home Fin., LLC*, 890 F. Supp. 2d 806 (W.D. Mich. 2012) (Quist, J.) (citing cases). In *Helmus* this Court held that the plaintiffs' allegation that they suffered damage from not knowing the accuracy the

defendants' statements and not knowing whether the defendants properly applied payments were not sufficient to show actual pecuniary damage. *Id.* at 817. Another court has held that allegations of damage to reputation and the added cost of obtaining credit were too conclusory to satisfy the requirement of pleading pecuniary damages. *Shum v. Experian Info. Solutions*, No. C12-0496, 2012 WL 1376979, at *1–2 (N.D.Cal. Apr. 19, 2012).

In *Marais*, the Sixth Circuit reversed the district court's dismissal of the plaintiff's RESPA claims and counseled against dismissing RESPA claims on the basis of inartfully-pleaded actual damages. 736 F.3d at 722. The Sixth Circuit held that the plaintiff's complaint sufficiently stated that interest damages flowed from the defendant's deficient response to her QWR, and that the district court should consider her claim that costs associated with her preparation of the QWR constituted actual damages in light of her argument that those costs were for naught due to the defendant's deficient response to her QWR. The Sixth Circuit also indicated that the plaintiff's allegation that the defendant provided information to consumer reporting agencies regarding overdue payments that were related to her QWR during the prohibited 60 day period sufficiently stated a RESPA violation. *Id.* at 721; *see also Mellentine v. Ameriquest Mortg. Co.*, 515 F. App'x 419, 425 (6th Cir. 2013) (reversing the dismissal of a RESPA claim where the plaintiffs alleged damages in an amount not yet ascertained flowing from the defendant's failure to respond to their QWR in a timely manner; *Houston v. U.S. Bank Home Mortg. Wis. Servicing*, 505 F. App'x 543, 548 (6th Cir. 2012) (reversing in part grant of summary judgment where the district court failed to address the plaintiff's allegation that she suffered financial and

emotional damages as a result of the defendant's RESPA violation; *Padgett v. OneWest Bank, FSB*, No. 3:10-CV-08, 2010 WL 1539839, at *14 (N.D. W.Va. Apr. 19, 2010) ("OneWest's allegedly inaccurate imposition of late fees satisfies the pleading requirements for damages.")

Plaintiffs have alleged that they suffered pecuniary damages as a result of being charged improper late fees and other fees, the value of their time spent making the qualified written request, the costs of printing, faxing, and mailing documents, in not knowing the accuracy of the balance due or whether their payments were properly applied, and in the emotional distress associated with the fear of losing their home to foreclosure. (Am. Compl. ¶¶ 146–148.) The Court is satisfied that Plaintiffs' allegations are sufficient to meet the pleading requirement for damages under RESPA.

For the reasons stated herein, Defendant's motion to dismiss will be denied. An order consistent with this opinion will be entered.


Dated: <u>May 12, 2014</u>                                          /s/ Robert Holmes Bell
                                                                                     ROBERT HOLMES BELL
                                                                                     UNITED STATES DISTRICT JUDGE