UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRANT DUBRIDGE, et al.,

    Plaintiffs,

CASE NO. 1:13-CV-690

v.

HON. ROBERT HOLMES BELL

OCWEN LOAN SERVICING LLC,

    Defendant.
    _____/

## MEMORANDUM OPINION AND ORDER

On September 29, 2014, a mediation report was filed advising that this matter had settled through Voluntary Facilitative Mediation. (ECF No. 45.) The parties filed a notice of settlement on October 29, 2014, confirming that they reached a settlement at mediation and would file a dismissal no later than November 21, 2014. (ECF No. 48.) On November 26, 2014, the Court gave notice of its intent to dismiss the case if the parties did not provide a proposed settlement order by December 3, 2014. (ECF No. 49.) On December 2, 2014, the parties advised that they needed additional time to agree on the final language of the settlement agreement. (ECF No. 50.) The Court granted their stipulation and extended to January 31, 2015, the time in which to submit closing documents or a motion to enforce the settlement agreement. (ECF No. 51.)

Now before the Court is Defendant's motion to enforce settlement. (ECF No. 52). Plaintiff has not responded to the motion. It appears that the parties do not agree whether

that settlement includes a confidentiality requirement.

Defendant has cited *Kukla v. National Distillers Products Co.*, 483 F.2d 619 (6th Cir. 1973), in support of its request for an evidentiary hearing to resolve the disputed terms of the purported settlement agreement. In *Kukla*, the Sixth Circuit held that where there is a substantial factual dispute as to the terms of a settlement agreement, it is appropriate for a trial court to hold an evidentiary hearing where the court can judge the credibility of the parties to the agreement. *Id.* at 622. Other cases, however, have recognized that courts should not be placed in the "untenable situation" of "having to place each attorney on the stand to determine which one is telling the truth." *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 153 (6th Cir. 1992) (quoting *Fidelity & Cas. Co. of N.Y. v. McCollum*, 656 S.W.2d 527, 528 (Tex. Ct. App.1983)).

The Court will reluctantly hold a hearing on the motion to enforce settlement. At that hearing, the Court expects the parties to present testimony from Attorney Thomas F. Koernke, the mediator at the parties' Voluntary Facilitative Mediation where the settlement was reached. The parties shall be equally responsible for securing Mr. Koernke's presence at the hearing and for paying any fees associated with his appearance. Accordingly,

**IT IS HEREBY ORDERED** that a **HEARING** shall be held on Defendant's motion to enforce settlement (ECF No. 52) on **Monday, February 23, 2015, at 1:30 p.m.**, Courtroom 601, Ford Federal Building, 110 Michigan Ave. N.W., Grand Rapids, Michigan 49503.

**IT IS FURTHER ORDERED** that the parties shall be equally responsible for securing Mr. Koernke's presence at the hearing and for paying any fees associated with his appearance.


Date:  <u>February 12, 2015</u>             /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE